## Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

32ND FLOOR

1301 AVENUE OF THE AMERICAS

NEW YORK, NEW YORK 10019-6023

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3000 |
|---|---|---|
| 1000 Louisiana Street | 1900 Avenue of the Stars | 401 Union Street |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Samir Doshi

Direct Dial (212) 336-8330

E-Mail Sdoshi@susmangodfrey.com

February 14, 2024

The Honorable Brenda K. Sannes
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, NY 13261-7336

Re:   *SUNY RF v. Inpria Corporation et al.*, Case No. 1:24-cv-120-BKS-ML (NDNY)

Dear Chief Judge Sannes:

I write to inform the Court about the parties' attempts to comply with the Court's February 7 and February 9 orders regarding the sealing of the Court's transcripts of its February 7 and February 9 Conferences. As you are aware, the Court ordered Defendants to review each transcript and to identify which portions they request be redacted. *See* Text Minute Entry (Feb. 7, 2024); Text Minute Entry (Feb. 9, 2024). In addition, the Court ordered Defendants "to file a letter request regarding sealing of" the Court's February 9 "proceeding and the Court's rulings on the record pursuant to Local Rule 5.3." Text Minute Entry (Feb. 9, 2024).

To comply with these rulings, Plaintiff SUNY RF has repeatedly asked Defendants—across several emails and in a videoconference—to identify which portions of the transcripts they contend should be sealed and the bases for such sealing. Defendants have not done so—and indeed, have refused to even identify *when* they expect to respond to the Court's orders. That refusal is unwarranted, prejudicial, and inconsistent with "the fundamental right of public access to the courts." *Doe #1 v. Syracuse Univ.*, 2020 WL 2028285, at *1 (N.D.N.Y. Apr. 28, 2020) (Sannes, J.).

First, Defendants' refusal to identify which portions of the transcripts should be sealed is unwarranted. Defendants themselves provided the purportedly confidential information to the Court, on the record, at both the February 7 and February 9 Conferences. In doing so, Defendants thus necessarily understood at *that* time what information they believed should be shielded from public view.

February 14, 2024
Page 2

      Second, Defendants' refusal is highly prejudicial to SUNY RF.  To date, SUNY RF is unable to share with its client *anything* that occurred on the February 7 and February 9 conferences. (Defendants have permitted only three persons from SUNY RF—all in-house attorneys—to receive the purportedly highly confidential information. Even then, the information must be transferred *only* orally and cannot be reduced to writing in any form, including the sharing of the transcripts themselves).  Moreover, regardless of whether particular information in the transcripts warrants sealing, it is difficult to imagine that any reasonable grounds exist here that would allow for the continued sealing of the underlying rulings from this Court.  And until such time that the rulings are public, counsel for SUNY RF cannot discuss those rulings with SUNY RF outside of the three designated in-house attorneys.

      SUNY RF has met and conferred with Defendants on these issues.  Defendants, however, could offer no commitment as to when they would respond to the Court's February 7 and February 9 orders; when they would file a request to seal; or when they would offer proposed redactions to the February 7 and February 9 conference transcripts.

      In light of the foregoing, Plaintiff SUNY RF respectfully requests this Court order Defendants to respond to the Court's February 7 and February 9 orders no later than 12:00 PM on February 16, 2024, if Defendants intend to contend that any of the information or the underlying rulings are confidential.

      Sincerely,

      */s/ Samir Doshi*

      Samir Doshi