

**JOHN G. POWERS**
(315) 565-4547
*jpowers@hancocklaw.com*

March 21, 2024

**VIA ELECTRONIC FILING**

Hon. Brenda K. Sannes, Chief U.S. District Judge
James M. Hanley Federal Building
100 S. Clinton St.
Syracuse, New York 13261

      Re:   *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*, Civil Action No.: 1:24-CV-120 (BKS/ML)

Dear Chief Judge Sannes,

      My office, together with Paul Hastings LLP, represents Defendants Inpria Corp. and JSR Corp. ("Defendants") in the above-referenced matter. We respectfully write to request clarification of the Court's March 20 Text Order (D.I. 69) regarding the upcoming oral argument on the pending motion for a temporary restraining order and preliminary injunction (D.I. 24) to assist with their oral argument preparations and ensure an efficient and orderly presentation of the salient issues to the Court given the procedural state of the record.

      Specifically, we request clarification from the Court on whether the parties should be prepared to address the elements for a preliminary injunction other than irreparable harm. In particular, as set forth in the recently filed partial motion to strike (D.I. 65), Plaintiff has submitted a large amount of new evidence and argument in Reply that Defendants have not yet had the opportunity to oppose or address. While we believe this to be procedurally improper, it would appear that oral argument will be held *before* this procedural issue is resolved. As a result, Defendants respectfully request the Court's guidance on whether it expects Defendants to provide its substantive response to this new evidence and argument at oral argument.[1] Or, stated differently, is the purpose of oral argument to address the Court's interest in the "irreparable harm" prong, with any pending question regarding the timing and propriety of the Plaintiff's late-filed arguments and evidence to be resolved when and if resolution of the motion to strike becomes necessary? Lastly, we request guidance from the Court regarding the length of time the parties will each be permitted for the oral argument.

---

[1] Defendants note that this is not a problem of Defendants' making. Had Plaintiff actually offered these new arguments and evidence in its moving papers—as it was bound to do under its burden—then the record, as it sits right now, would be complete and we would not be in this situation that is highly prejudicial to Defendants. To the extent the Court is willing to consider Plaintiff's voluminous reply submission, Defendants would need to expend significant time and resources—which is simply not possible between now and the oral argument—to explain why these new arguments and evidence lack merit.

      We appreciate the Court's consideration of these matters.

                Respectfully submitted,

                HANCOCK ESTABROOK, LLP

                John G. Powers

cc:    Plaintiff's Counsel (*via* ECF)