

**MARY L. D'AGOSTINO**
(315) 565-4500

April 16, 2026

**VIA ELECTRONIC FILING**

Hon. Brenda K. Sannes, Chief U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, New York 13261

> Re.  *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*, Civil Action
> No.: 1:24-CV-120 (BKS/ML)

Dear Chief Judge Sannes,

Our office, together with Paul Hastings LLP, represents Defendants Inpria Corp. and JSR Corp. ("Defendants") in connection with the above-referenced litigation. At a hearing held on March 26, 2026 before Magistrate Judge Lovric in Binghamton, New York, the Court granted the parties' request to seal and/or redact certain documents, concluding that "sealing is (1) essential to preserve values higher than a qualified First Amendment right of access to the material and (2) narrowly tailored to serve that interest" and that "the parties possess a strong privacy interest in the information set forth in the filings." D.I. 276; *see also* D.I. 277.

Magistrate Judge Lovric's decision regarding sealing followed a substantial number of filings by the parties. Defendants are working with the Clerk's Office to ensure that all docket entries implicated by Magistrate Judge Lovric's order are accurately updated on the public docket, including by replacing placeholder entries with versions that appropriately redact certain highly confidential business information ("CBI").

Plaintiff The Research Foundation for the State University of New York ("Plaintiff") has now appealed Judge Lovric's decision denying its second motion to compel the production of documents from an entirely separate lawsuit formerly pending in the District of Delaware. *See Inpria Corp. v. Lam Research Corp.*, No. 22-cv-1359 (D. Del.) (the "Delaware Action"). We, therefore, write to respectfully request that the Court enter an Order (1) sealing Plaintiff's Exhibit 2 in its entirety and (2) sealing, via targeted redaction, those limited portions of Plaintiff's memorandum of law that quote from Exhibit 2. *See* D.I. 280-1 (memorandum of law); 280-5 (Exhibit 2). Consistent with the instructions that we received from the Court's Operations Manager, we will transmit the redacted memorandum of law to the Court *via* MFT so that it can replace the placeholder that currently exists on the public docket.

For the same reasons Judge Lovric originally found that Exhibit 2 should be sealed, *see* D.I. 276, we respectfully submit that his rationale applies with equal force here. That is, we respectfully submit that Exhibit 2 is non-judicial in nature. To the extent the Court concludes that any portion Exhibit 2 is judicial in nature, however, it contains CBI and that countervailing interest favors sealing in the context of this discovery dispute.

<u>Standard of Review</u>

Following the seminal decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), courts in the Second Circuit generally follow "a three-step process to determine whether a document may be sealed." *Grandinetti v. Tashjian*, No. 1:23-CV-753, 2025 WL 2663130, at *7 (N.D.N.Y. Sept. 17, 2025); *see also Henessey Food Consulting LLC v. Prinova Sols.*, LLC, No. 5:20-CV-0806 (TWD), 2024 WL 4291312, at *3 (N.D.N.Y. Sept. 24, 2024) (describing three-step analysis).

First, the district court must determine whether the documents sought to be sealed are "judicial documents" to which a presumption of public access applies. *Lugosch*, 435 F.3d at 119. Second, if the subject documents are judicial documents, the court must then determine the weight of presumption of access. *See id.* Third, the court must balance "competing considerations" against the weight of presumption of access. *See id.* at 120.

I. *Exhibit 2 is non-judicial in nature to which no presumption of access applies.*

A "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process," and it is therefore one to which the presumption of public access attaches. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). By contrast, if a document is not a judicial document because it is "*not* relevant to the performance of a judicial function," then no presumption of public access applies. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

District courts in this Circuit have held that exhibits submitted in connection with discovery briefing are generally non-judicial in nature and therefore may be filed under seal. *See In re OpenAI*, No. 25-MD-3143, 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025) (citing *Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025)). The rationale is straightforward: materials "simply passed between the parties in discovery" ordinarily are not judicial documents. *Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown*, 929 F.3d at 49–50).

Here, although this matter now comes before the Court on appeal from Judge Lovric's discovery ruling, the Court is nonetheless being asked to consider what remains, at its core, a discovery dispute. Exhibit 2 has been submitted solely in connection with that dispute. In addition, the portion of the memorandum of law that Defendants seek to redact is merely an excerpt of Exhibit 2 without any without any independent exposition, analysis, or argument.[1]

---

[1] *See, e.g.*, *In re OpenAI, Inc.*, 2025 WL 3526416, at *2 (observing that while discovery briefing may be judicial in nature, to the extent that briefing references "information passed between the parties in discovery" it is appropriate

We therefore respectfully submit that this material is properly characterized as non-judicial in nature and not subject to any presumption of public access. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial."). For that reason alone, Defendants respectfully submit that the sealing request should be granted. *See, e.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) ("the discovery documents themselves remain non-judicial").

To the extent the Court concludes otherwise, Defendants address the remaining *Lugosch* factors below.

II.    *Even if some portion of Exhibit 2 could properly be considered a "judicial document," any presumption of public access is minimal.*

Even where a filing can properly be characterized as a "judicial document," the strength of the presumption of public access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. To the extent Exhibit 2 can be deemed to be "judicial" (rather than "non-judicial," *see* Point I, *supra*), it falls on the low end of the public-access continuum because they "play only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 119. As a result, such materials are entitled to "little more than a *prediction* of public access absent a countervailing reason." *DDK Hotels, LLC.*, 2022 WL 2702378, at *17 (emphasis added).

Here, Exhibit 2 was filed with the Court solely in connection with Plaintiff's request to resolve a collateral discovery dispute, *i.e.*, second motion to compel the production of documents in the Delaware action. Accordingly, even if the Court concludes that some portion of the Exhibit 2 is judicial in nature, any presumption of public access is necessarily weak because the Court is not adjudicating the merits or determining the parties' substantive rights. *See Lugosch*, 435 F.3d at 119–20. For that reason, any presumption of public access that may attach is negligible. *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (noting that, when documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of access is "not particularly great").

III.    *The balance of competing considerations favors sealing Exhibit 2 and targeted redaction of the memorandum of law that quotes from it.*

If a court concludes that a document is judicial, it must then balance any competing considerations against the presumption of access. *See Lugosch*, 435 F.3d at 120; *CNY Fair*

---

to redact that information); *see also Authors Guild v. OpenAI Inc.*, No. 23-CV-10211, 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025).

*Hous., Inc. v. Wellclover Holdings LLC*, No. 5:21-CV-361 (BKS/ML), 2024 WL 2049047, at *3 n.2 (N.D.N.Y. May 8, 2024) ("The reasons for sealing documents submitted in connection with a motion for discovery 'usually need not be as compelling as those required to seal summary judgment filings.'"). Courts routinely recognize that such countervailing interests include, *inter alia*, the protection of CBI, proprietary or trade-secret information, and information subject to confidentiality obligations or protective orders. *See In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (collecting cases); *see also FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy).

Here, Exhibit 2 contains sensitive, non-merits information. Public disclosure would risk unnecessary exposure of that information while offering little, if any, value to the public in understanding the Court's exercise of Article III authority in resolving this collateral discovery matter—even in the posture of an appeal from Judge Lovric's discovery ruling. Exhibit 2 is a highly confidential contractual agreement. The terms of the agreement itself specifically limit the circumstances under which the agreement may be shared with others. It includes sensitive contractual and business strategy information. Because it contains such private and potentially damaging business information, it was produced under the protective order in this case as "*Highly Confidential – Outside Attorneys' Eyes Only*." Public disclosure would damage the signatories to the agreement.

Finally, although Defendants seek to seal Exhibit 2 in its entirety, Defendants seek only limited sealing, in the form of a targeted redaction, to the memorandum of law that quotes it. Accordingly, the balance of interests strongly supports Defendants' request for relief.

Conclusion

For the foregoing reasons, Defendants respectfully request an Order (1) sealing Plaintiff's Exhibit 2 in its entirety and (2) sealing, via targeted redaction, those limited portions of Plaintiff's memorandum of law that quote from Exhibit 2.

Respectfully submitted,

HANCOCK ESTABROOK, LLP

Mary L. D'Agostino, Esq.

cc:     all counsel of record (*via* CM/ECF)