

**MARY L. D'AGOSTINO**
(315) 565-4500

May 8, 2026

**VIA ELECTRONIC FILING**

Hon. Brenda K. Sannes, Chief U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St.
Syracuse, New York 13261

> Re.  *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*,
> Civil Action No.: 1:24-CV-120 (BKS/ML)

Dear Chief Judge Sannes,

Our office, together with Paul Hastings LLP, represents Defendants Inpria Corp. and JSR Corp. ("Defendants") in connection with the above-referenced litigation. On May 4, 2026, Plaintiff The Research Foundation for the State University of New York ("Plaintiff") filed its reply in further support of its appeal of Magistrate Judge Miroslav Lovric's Order denying Plaintiff's motion to compel materials from the Delaware Action.[1] *See* D.I. 290.

Having reviewed that filing, we write to respectfully request that the Court enter an Order (1) sealing Plaintiff's Exhibit 1 (D.I. 290-3) in its entirety and (2) sealing, via targeted redaction, those limited portions of Plaintiff's memorandum of law that discuss the contents of Exhibit 1 and D.I. 280-5 (Exhibit 2 to Plaintiff's appeal) that is currently subject to a separate motion to seal (D.I. 282). *See* D.I. 290-1 (memorandum of law); 290-3 (Exhibit 1). Consistent with the instructions that we previously received from the Court's Operations Manager, we will transmit the redacted memorandum of law to the Court *via* MFT so that it can replace the placeholder that currently exists on the public docket. *See* D.I. 290-1.

For the reasons set forth below, Defendants respectfully submit that Exhibit 1 (as well as the redacted portions of the memorandum of law that discuss Exhibit 1 and D.I. 280-5) are non-judicial in nature. *See also* D.I. 282. To the extent the Court concludes that any portion Exhibit 1 constitutes a judicial document, however, that exhibit contains a discussion of settlement in the Delaware Action, which otherwise impacts Defendants' confidential business information ("CBI"). This countervailing interest weighs in favor of sealing (and/or sealing *via* targeted redaction) in the context of the parties' present discovery dispute.

---

[1] *See Inpria Corp. v. Lam Research Corp.*, No. 22-cv-1359 (D. Del.)

<u>Standard of Review</u>

Following the seminal decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), courts in the Second Circuit generally follow "a three-step process to determine whether a document may be sealed." *Grandinetti v. Tashjian*, No. 1:23-CV-753, 2025 WL 2663130, at *7 (N.D.N.Y. Sept. 17, 2025); *see also Henessey Food Consulting LLC v. Prinova Sols., LLC*, No. 5:20-CV-0806 (TWD), 2024 WL 4291312, at *3 (N.D.N.Y. Sept. 24, 2024) (describing three-step analysis).

First, the district court must determine whether the documents sought to be sealed are "judicial documents" to which a presumption of public access applies. *Lugosch*, 435 F.3d at 119. Second, if the subject documents are judicial documents, the court must then determine the weight that must be assigned to the presumption of access. *See id.* Third, the court must balance "competing considerations" against the weight of presumption of access. *Id.* at 120.

I.   *Exhibit 1 is non-judicial in nature to which no presumption of access applies.*

A "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process," and it is therefore one to which the presumption of public access attaches. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). By contrast, if a document is not a judicial document because it is "*not* relevant to the performance of a judicial function," then no presumption of public access applies. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

District courts in this Circuit have held that exhibits submitted in connection with discovery briefing are generally non-judicial in nature and therefore may be shielded from the public docket. *See In re OpenAI*, No. 25-MD-3143, 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025) (citing *Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025)). The rationale is straightforward: materials "simply passed between the parties in discovery" ordinarily are not judicial documents. *Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown*, 929 F.3d at 49–50).

Here, although this matter now comes before the Court on appeal from Judge Lovric's discovery ruling, the Court is nonetheless being asked to consider what remains, at its core, a discovery dispute. Exhibit 1 has been submitted solely in connection with that dispute. In addition, the portion of the memorandum of law that Defendants seek to redact is merely an excerpt or summary of Exhibit 1—without any independent exposition, analysis, or argument.[2] Moreover, Defendants maintain that Exhibit 1 (and underlying D.I. 280-5) are not relevant to Plaintiff's appeal—indeed, they were not before Magistrate Judge Lovric when he issued the decision now on appeal.

---

[2] *See, e.g.*, *In re OpenAI, Inc.*, 2025 WL 3526416, at *2 (observing that while discovery briefing may be judicial in nature, to the extent that briefing references "information passed between the parties in discovery" it is appropriate to redact that information); *see also Authors Guild v. OpenAI Inc.*, No. 23-CV-10211, 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025).

Defendants therefore respectfully submit that this material is properly characterized as non-judicial in nature and is not subject to any presumption of public access. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial."). On this basis alone, Defendants respectfully request that this letter motion be granted. *See, e.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) ("the discovery documents themselves remain non-judicial").

To the extent the Court concludes otherwise, however, the remaining *Lugosch* factors are addressed below.

II.  *Even if some portion of Exhibit 1 could be construed as a "judicial document," any presumption of public access is negligible.*

Even where a filing can be characterized as a "judicial document," the strength of the presumption of public access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. To the extent that the Court deems any portion of Exhibit 1 as a "judicial" document (rather than "non-judicial" document, *see* Point I, *supra*), it falls on the low end of the public-access continuum because it "play[s] only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 119. Such materials are, therefore, entitled to "little more than a *prediction* of public access absent a countervailing reason." *DDK Hotels, LLC.*, 2022 WL 2702378, at *17 (emphasis added).

Here, Plaintiff filed Exhibit 1 with the Court solely in connection with its request to resolve a collateral discovery dispute among the parties, *i.e.*, Plaintiff's second motion to compel the production of documents in the Delaware Action. *See generally* D.I. 285 (Defendants' opposition). Thus, if the Court concludes that some portion of the Exhibit 1 is judicial in nature, any public access presumption is negligible because the Court is not adjudicating the merits or determining the parties' substantive rights. *See Lugosch*, 435 F.3d at 119–20; *see, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (noting that, when documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of access is "not particularly great").

III.  *The balance of competing considerations favors sealing Exhibit 2 and targeted redaction of the memorandum of law that quotes from it.*

If a district court concludes that a document is judicial, it must then balance any competing considerations against the presumption of access. *See Lugosch*, 435 F.3d at 120; *CNY Fair Hous., Inc. v. Wellclover Holdings LLC*, No. 5:21-CV-361 (BKS/ML), 2024 WL 2049047, at *3 n.2 (N.D.N.Y. May 8, 2024) ("The reasons for sealing documents submitted in connection with a motion for discovery 'usually need not be as compelling as those required to seal summary judgment filings.'"). Courts routinely recognize that such countervailing interests

include, *inter alia*, the protection of CBI, proprietary or trade-secret information, and information subject to confidentiality obligations or protective orders. *See In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (collecting cases); *see also FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy).

Here, Exhibit 1 (D.I. 290-3) contains sensitive, non-merits information. Public disclosure would risk unnecessary exposure of that information while offering little, if any, value to the public in understanding the Court's exercise of Article III authority in resolving this collateral discovery matter—even in the posture of an appeal from Judge Lovric's discovery ruling. Exhibit 1 is an excerpt of a deposition transcript of Toru Kimura, a high-ranking employee at Defendant JSR, discussing a highly confidential contractual agreement (D.I. 280-5, the subject of Defendants' request to seal at D.I. 282). For the same reasons that the contractual agreement itself should remain under seal as requested at D.I. 282, so too should Mr. Kimura's testimony regarding the same. Notably, the terms of the agreement itself specifically limit the circumstances under which the agreement may be shared with others. Mr. Kimura was only able to freely discuss that information because of the Protective Order instituted in this case (D.I. 156). As Defendants explained in their merits briefing, protective orders are particularly important in enabling witnesses to speak freely about sensitive topics without concern for potential disclosure. *See* D.I. 285 at 17 (collecting cases). As Mr. Kimura's deposition only occurred on April 25, 2026, and the official transcript was not provided until April 28, 2026, Defendants have not yet designated it under the Protective Order. *See* D.I. 156, ¶ 8(b) (mandating that depositions be designated within 14 calendar days after the official transcript is provided). But because Mr. Kimura's deposition contains private and potentially damaging business information, it will be designated under the protective order in this case as "*Highly Confidential – Outside Attorneys' Eyes Only*." Public disclosure would damage at least the signatories to the agreement.

Finally, although Defendants seek to seal Exhibit 1 in its entirety, Defendants seek only limited sealing, in the form of a targeted redaction, to the memorandum of law that discusses it and the underlying content in D.I. 280-5.

Accordingly, the balance of interests strongly supports Defendants' request for relief.

Conclusion

For the foregoing reasons, Defendants respectfully request an Order (1) sealing Plaintiff's Exhibit 2 in its entirety and (2) sealing, via targeted redaction, those limited portions of Plaintiff's memorandum of law that quote and discuss Exhibit 1and D.I. 280-5.

Respectfully submitted,

HANCOCK ESTABROOK, LLP

Mary Gagan

Mary L. D'Agostino, Esq.

cc:      all counsel of record (*via* CM/ECF)