

**MARY L. D'AGOSTINO**
(315) 565-4500

June 11, 2026

**VIA ELECTRONIC FILING**

Hon. Miroslav Lovric, U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re.     *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*, Civil Action
         No.: 1:24-CV-120 (BKS/ML)

Dear Magistrate Judge Lovric,

Our office, together with Paul Hastings LLP, represents Defendants Inpria Corp. and JSR Corp. ("Defendants") in connection with the above-referenced matter. On June 8, 2026, Defendants submitted a renewed motion for an order compelling The Research Foundation for the State University of New York ("Plaintiff") to supplement its responses to Interrogatory No. 2. *See generally* D.I. 317.

Defendants write to respectfully request that the Court issue an order, which permits the sealing of Exhibit 2 (D.I. 317-3) in its entirety and permitting the limited sealing (through narrowly-tailored redactions) of Defendants' memorandum of law (D.I. 317-5, "Memorandum") (collectively, the "Motion Documents"). A redacted version of the Memorandum is submitted herewith.

As a preliminary matter, Defendants note that this filing arises in connection with a renewed motion, and the Court has previously permitted the sealing of similar materials in connection with prior discovery disputes in this case. *See e.g.*, Text Order 210 (granting request to seal and/or redact portions of D.I. 203) and Text Order 276 (granting request to seal and/or redact, *inter alia*, portions of D.I. 251). Defendants respectfully submit that the same rationale applies with equal force here.

For the reasons set forth below, Defendants respectfully submit that the Motion Documents are non-judicial in nature. To the extent the Court disagrees concludes that any portion of the Motion Documents is judicial in nature, however, they contain confidential

business information ("CBI"), and that countervailing interest favors sealing in the context of this discovery dispute.

<u>Standard of Review</u>

Following the seminal decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), courts in the Second Circuit generally follow "a three-step process to determine whether a document may be sealed." *Grandinetti v. Tashjian*, No. 1:23-CV-753, 2025 WL 2663130, at *7 (N.D.N.Y. Sept. 17, 2025); *see also Henessey Food Consulting LLC v. Prinova Sols.*, LLC, No. 5:20-CV-0806 (TWD), 2024 WL 4291312, at *3 (N.D.N.Y. Sept. 24, 2024) (describing three-step analysis).

First, the district court must determine whether the documents sought to be sealed are "judicial documents" to which a presumption of public access applies. *Lugosch*, 435 F.3d at 119. Second, if the subject documents are judicial documents, the court must then determine the weight of presumption of access. *See id.* Third, the court must balance "competing considerations" against the weight of presumption of access. *See id.* at 120.

*<u>The Motion Documents are non-judicial in nature to which no presumption of access applies.</u>*

A "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process," and it is therefore one to which the presumption of public access attaches. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). By contrast, if a document is *not* a judicial document—because it is "*not* relevant to the performance of a judicial function—then no presumption of public access applies. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

District courts in this Circuit have held that exhibits submitted in connection with discovery briefing are generally non-judicial in nature and therefore may be filed under seal. *See In re OpenAI*, No. 25-MD-3143, 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025) (citing *Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025)). The rationale is straightforward: materials "simply passed between the parties in discovery" ordinarily are not judicial documents. *Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown*, 929 F.3d at 49–50).

Here, the Motion Documents were submitted solely in connection with Defendants renewed motion to compel. *See* D.I. 203, D.I. 251. Exhibit 2 is an excerpt from Plaintiff's May 29, 2026 Tenth Amended Responses and Objections to Defendants' First Set of Interrogatories. The portions of the Memorandum that Defendants seek to redact merely reproduce limited excerpts from Exhibit 2 and do not include any additional substantive exposition or argument.[1]

---

[1] *See, e.g.*, *In re OpenAI, Inc.*, 2025 WL 3526416, at *2 (observing that while discovery briefing may be judicial in nature, to the extent that briefing references "information passed between the parties in discovery" it is appropriate to redact that information); *see also Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025).

The Motion Documents are, therefore, properly characterized as non-judicial in nature and not subject to any presumption of public access. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial.").

For this reason alone, Defendants respectfully submit that the sealing request should be granted. *See, e.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) ("the discovery documents themselves remain non-judicial"). To the extent the Court concludes otherwise, however, Defendants address the remaining *Lugosch* factors below.

### *Even if some portion of the Motion Documents could be considered a "judicial document," any presumption of public access is minimal.*

Even in the case in which a document filed to the docket can properly be characterized as a "judicial document," the strength of the presumption of public access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. To the extent the Motion Documents are deemed to be "judicial" (rather than "non-judicial," *see supra*), they fall on the low end of the public-access continuum because they "play only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 119. As a result, such materials are entitled to "little more than a *prediction* of public access absent a countervailing reason." *DDK Hotels, LLC.*, 2022 WL 2702378, at *17 (emphasis added).

Here, the Motion Documents were filed with the Court solely in connection with Defendants' Renewed Motion to Compel a supplemental response to Defendants' Interrogatory No. 2, rather than any merits determination by the Court. If the Court concludes that some portion of the Motion Documents is judicial in nature, any presumption of public access is necessarily weak because the Court is not adjudicating the merits or determining the substantive rights of the parties. *See Lugosch*, 435 F.3d at 119–20. For that reason, any presumption of public access that may be attached is negligible. *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (noting that, when documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of access is "not particularly great").

### *The balance of competing considerations favors sealing of Exhibit and the targeted redaction of the Memorandum*

Case law establishes that if a court concludes that a document is judicial, it must then balance any competing considerations against the presumption of access. *See Lugosch*, 435 F.3d at 120; *see, e.g.*, *CNY Fair Hous., Inc. v. Wellclover Holdings LLC*, No. 5:21-CV-361 (BKS/ML), 2024 WL 2049047, at *3 n.2 (N.D.N.Y. May 8, 2024) ("The reasons for sealing documents submitted in connection with a motion for discovery 'usually need not be as compelling as those required to seal summary judgment filings.'"). Courts routinely recognize that such

countervailing interests include, *inter alia*, the protection of a party's CBI, proprietary or trade-secret information, and information subject to confidentiality obligations or protective orders. *See In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (collecting cases); *see also Hayden v. Int'l Bus. Machines Corp.* No. 21 CV 2485 (VB), 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (allowing the sealing of commercially sensitive business information); *Applied Rsch. Invs., LLC v. Lin*, No. 22-CV-7100 (VSB) (JW), 2026 WL 1223641, at *1 (S.D.N.Y. May 5, 2026) ("Given the confidential business information in the portions of the transcript Plaintiff seeks to redact, the countervailing privacy concerns outweigh the public's need for access"); *FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy).

In this instance, the Motion Documents contain commercially-sensitive, non-merits information. The public filing of the Motion Documents risks the unnecessary exposure of Defendants' CBI while offering little (if any) value to the general public in terms of understanding the Court's exercise of Article III authority in resolving the parties' collateral discovery matter.

For example, as noted above, Exhibit 2 is an excerpt of Plaintiff's May 29, 2026 Tenth Amended Responses and Objections to Defendants' First Set of Interrogatories. This discovery response cites, quotes, and otherwise relies on numerous documents produced during discovery pursuant to the Protective Order and designated as being "HIGHLY CONFIDENTIAL; OUTSIDE ATTORNEY'S EYES ONLY." Those documents contain sensitive information regarding, *inter alia*, Defendants' research, design, and product development. For this reason, the interrogatory response was likewise marked with the same confidentiality designation. This interrogatory response, in fact, is merely a supplemented version of the same response that the Court has already agreed should be sealed. *See* D.I. 205 (Motion to Seal, *inter alia*, D.I. 203-10 Plaintiff's Second Amended Responses and Objections to Defendants' First Set of Interrogatories); Jan. 6 Hr'g Tr. at 111:17-25, 112:11-13 (granting motion to seal).

Furthermore, Defendants' proposed sealing is narrowly tailored. Although Defendants seek to seal Exhibit 2 in its entirety, Defendants seek only a more limited sealing of the Memorandum in the form of targeted redactions. This approach aligns with the Second Circuit's directive that sealing should be no broader than necessary to serve the interests at stake. *See Lugosch*, 435 F.3d at 120.

Accordingly, the balance of interests strongly supports Defendants' request for relief.

<u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request an order sealing Exhibit 2 in its entirety and permitting the limited sealing (through narrowly-tailored redactions) of the Memorandum.

Respectfully submitted,

HANCOCK ESTABROOK, LLP

Mary L. D'Agostino, Esq.

cc:     all counsel of record (*via* CM/ECF)