## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

———————

| SUITE 5100 | SUITE 1400 | SUITE 3000 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

JOHN PRIDDY

DIRECT DIAL (212) 729-2086

E-MAIL jpriddy@susmangodfrey.com

June 22, 2026

**<u>VIA ELECTRONIC FILING</u>**

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re: *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*, Civil Action No.: 1:24-CV-120 (BKS/ML)

Dear Magistrate Judge Lovric:

Plaintiff the Research Foundation for the State University of New York ("SUNY RF") submits this letter motion respectfully requesting that the Court seal Exhibit 9 to the Declaration of Joshua Bennett (Dkt. 326-11) filed contemporaneously with Defendants Inpria Corporation and JSR Corporation's ("Defendants") Motion to Compel, Dkt. 326, and Exhibit 1 to the Declaration of John Priddy (Dkt. 329-2) filed contemporaneously with SUNY RF's Response in Opposition to Defendants' Motion to Compel, Dkt. 329.

Exhibits 1 and 9 are the same presentation, and they contain SUNY RF's confidential business information. SUNY RF files this motion pursuant to Local Rule 5.3(a) and the Protective Order in this Case, Dkt. 156.

Under Local Rule 5.3(a), a party may move to seal an entire document, or a portion of that document, if that party meets its burden to show that the referenced

material may be sealed under the governing legal standard. See Local Rule 5.3(a), citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-27 (2d Cir. 2006). The Second Circuit in Lugosch concluded that, although there is a presumption of public access accorded to judicial documents, that presumption may be outweighed by competing interests, including but not limited to the "privacy interests" of those seeking to seal material. *Id.* at 120 (internal quotation marks and citation omitted).

The presumption of public access does not apply to "[d]ocuments that are 'simply passed between [the] parties in discovery.'" *Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). Those documents are not ordinarily considered judicial documents, even where the "Court assesses such documents in a discovery motion." *In re OpenAI*, 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025). Both Exhibits 1 and 9 are documents that were exchanged between the parties "during the course of discovery" and are designated as Highly Confidential.

Even if discovery materials were considered judicial documents, courts have routinely sealed documents where the litigation requires the disclosure of sensitive or proprietary information. *See, e.g.*, *Travelers Indem. Co. v. Excalibur Reins. Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (documents revealing "sensitive business information" including "confidential proprietary information, documents and client data" satisfy sealing standard); *Samsung Elec. Co., Ltd. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260 (S.D.N.Y. 2024) (granting application to seal exhibits containing confidential information because "the proposed sealing requests are narrowly tailored to prevent unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information, the protection of which outweighs the public's right of access"); *see also Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 2018 WL 6179433, at *7 (E.D.N.Y. Nov. 27, 2018) (granting motion to seal "contain[ing] sensitive or proprietary technical" information). The request must also be "narrowly tailored to serve" the competing interests. *Id.*

SUNY RF requests that the unredacted copy of Exhibits 1 and 9, which were filed as attachments to Defendants Inpria Corporation and JSR Corporation's ("Defendants") Motion to Compel, Dkt. 326-11 (Ex. 9), and SUNY RF's Response in Opposition to Defendants' Motion to Compel, Dkt. 329-3 (Ex. 1), and submitted to the Court via MFT, remain sealed.

As an initial matter, Exhibits 1 and 9 are discovery documents that were "simply passed between the parties;" they are not judicial documents. *Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown*, 929 F.3d at 49-50); *see also id.* (granting sealing request for documents that were "exchanged between the parties during the course of discovery" and designated as confidential because they were not judicial documents); *see also In re OpenAI*, 2025 WL 3697877, at *3 ("Exhibits attached to parties' briefing for discovery disputes are typically non-judicial

documents that may be filed under seal."). The presumption of access therefore does not apply.

Should the Court conclude that Exhibits 1 and 9 are judicial documents, the presumption of public access is still overcome. First, any presumption of public access is minor because the documents "play only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 119. Where the documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of public access is lessened and is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (noting that, when documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of access is "not particularly great").

In addition, SUNY RF has designated Exhibit 1 Highly Confidential. In so designating, SUNY RF affirms that the document contains "proprietary financial, design documentation, research and development, technical data or information or commercially sensitive competitive information . . . that [SUNY RF] maintains as highly confidential in its business; and (2) contains highly sensitive business . . . information, the disclosure of which . . . is likely to cause significant harm to an individual or the competitive position of [SUNY RF]." Dkt. 156 at 4. That is because Exhibit 1 contains information regarding SUNY RF's development and research surrounding the technology at issue in the case. It also contains confidential business information regarding SUNY RF's licensing of its technology. *See Samsung Elec. Co.*, 748 F. Supp. 3d at 260 (granting motion to seal where documents contained "proprietary technical" information).

SUNY RF's responses and objections also repeatedly discuss the non-party SUNY Inventors' (e.g., Dr. Robert Brainard) contributions to the claims at issue while citing confidential internal SUNY RF documents and presentations. *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation").

For the foregoing reasons, SUNY RF respectfully requests an Order sealing Defendants' Exhibit 9 (Dkt. 326-11) and SUNY RF's Exhibit 1 (Dkt. 329-2).

Respectfully submitted,

/s/ *John Priddy*
John Priddy
cc: all counsel of record (via CM/ECF)