

**MARY L. D'AGOSTINO**
(315) 565-4500

July 8, 2026

**VIA ELECTRONIC FILING**

Hon. Miroslav Lovric, U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

Re:     *The Research Foundation for the State Univ. of N.Y. v. Inpria Corp.*,
        Civil Action No.: 1:24-CV-120 (BKS/ML)

Dear Magistrate Judge Lovric,

Our office, together with Paul Hastings LLP, represents Defendants Inpria Corp. and JSR Corp. ("Defendants") in connection with the above-referenced matter. On July 2, 2026, Defendants submitted a motion for an order compelling The Research Foundation for the State University of New York ("Plaintiff") to produce improperly withheld and clawed back documents and to continue the deposition of Dr. Robert Brainard. (*See generally* D.I. 344.)

Defendants write to respectfully request that the Court issue an order permitting the sealing of Exhibits 1, 20, and 22 and the Memorandum of Law (collectively, the "Motion Documents") affiliated with the Motion to Compel. (*See generally* D.I. 344.) Defendants seek to restrict Exhibits 1, 20, and 22 entirely and file a minimally redacted version of the Memorandum of Law on the public docket. Unredacted versions of these documents were previously submitted to chambers contemporaneously with Defendants' filing on July 2, 2026.

For the reasons set forth below, Defendants respectfully submit that the Motion Documents are non-judicial in nature. To the extent the Court concludes that any portion of the Motion Documents is judicial in nature, however, that portion contains confidential business information ("CBI"), and countervailing interests therefore favor sealing in the context of this discovery dispute.

<u>Standard of Review</u>

Following the seminal decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), courts in the Second Circuit generally follow "a three-step process to determine

whether a document may be sealed." *Grandinetti v. Tashjian*, No. 1:23-CV-753, 2025 WL 2663130, at *7 (N.D.N.Y. Sept. 17, 2025); *see also Henessey Food Consulting LLC v. Prinova Sols.*, LLC, No. 5:20-CV-0806 (TWD), 2024 WL 4291312, at *3 (N.D.N.Y. Sept. 24, 2024) (describing three-step analysis).

First, the district court must determine whether the documents sought to be sealed are "judicial documents" to which a presumption of public access applies. *Lugosch*, 435 F.3d at 119. Second, if the subject documents are judicial documents, the court must then determine the weight of presumption of access. *See id.* Third, the court must balance "competing considerations" against the weight of presumption of access. *See id.* at 120.

*The Motion Documents are non-judicial
in nature, and therefore no presumption of access applies.*

A "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process," and is therefore one to which the presumption of public access attaches. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). By contrast, if a document is *not* a judicial document—because it is "*not* relevant to the performance of a judicial function"—then no presumption of public access applies. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

District courts in this Circuit have held that exhibits submitted in connection with discovery briefing are generally non-judicial in nature and therefore may be filed under seal. *See In re OpenAI*, No. 25-MD-3143, 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025) (citing *Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025)). The rationale is straightforward: materials "simply passed between the parties in discovery" ordinarily are not judicial documents. *Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown*, 929 F.3d at 49–50).

Here, the Motion Documents were submitted solely in connection with discovery briefing, *i.e.*, Defendants' motion for an order compelling Plaintiff to produce improperly withheld and clawed back documents and to continue the deposition of Dr. Robert Brainard. (*See generally* D.I. 344.) The material Defendants seek to withhold relates to their confidential technological developments and business dealings and encompasses documents merely passed between the parties during the discovery process.[1] The documents are, therefore, properly characterized as non-judicial in nature and not subject to any presumption of public access. *See, e.g.*, *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial.").

For this reason alone, Defendants respectfully submit that the sealing request should be granted. *See, e.g.*, *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP),

---

[1] *See, e.g.*, *In re OpenAI, Inc.*, 2025 WL 3526416, at *2 (observing that while discovery briefing may be judicial in nature, to the extent that briefing references "information passed between the parties in discovery" it is appropriate to redact that information); *see also Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025).

2022 WL 2702378, at *17 (E.D.N.Y. Feb. 11, 2022) ("the discovery documents themselves remain non-judicial"). To the extent the Court disagrees, Defendants address the remaining *Lugosch* factors below.

<u>*Even if some portion of the Motion Documents could be considered a "judicial document," any presumption of public access is minimal.*</u>

Even in the case in which a document filed to the docket can properly be characterized as a "judicial document," the strength of the presumption of public access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. To the extent the Motion Documents are deemed to be "judicial" (rather than "non-judicial," *see supra*), they fall on the low end of the public-access continuum because they "play only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 119. As a result, such materials are entitled to "little more than a *prediction* of public access absent a countervailing reason." *DDK Hotels, LLC.*, 2022 WL 2702378, at *17 (emphasis added).

Here, the Motion Documents were filed with the Court solely in connection with Defendants' motion compelling certain discovery relief, rather than any merits determination by the Court. If the Court concludes that some portion of the Motion Documents is judicial in nature, any presumption of public access is necessarily weak because the Court is not adjudicating the merits or determining the substantive rights of the parties. *See Lugosch*, 435 F.3d at 119–20. For that reason, any presumption of public access that may be attached is negligible. *See, e.g.*, *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-CV-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (noting that, when documents are "not to be submitted in connection with a dispositive motion, but merely a motion to compel further discovery from a party," the presumption of access is "not particularly great").

<u>*The balance of competing considerations favors sealing some Exhibits and the targeted redaction of the Memorandum of Law.*</u>

Case law establishes that if a court concludes that a document is judicial, it must then balance any competing considerations against the presumption of access. *See Lugosch*, 435 F.3d at 120; *see, e.g.*, *CNY Fair Hous., Inc. v. Wellclover Holdings LLC*, No. 5:21-CV-361 (BKS/ML), 2024 WL 2049047, at *3 n.2 (N.D.N.Y. May 8, 2024) ("The reasons for sealing documents submitted in connection with a motion for discovery 'usually need not be as compelling as those required to seal summary judgment filings.'"). Courts routinely recognize that such countervailing interests include, *inter alia*, the protection of a party's CBI, proprietary or trade-secret information, and information subject to confidentiality obligations or protective orders. *See In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (collecting cases); *see also Hayden v. Int'l Bus. Machines Corp.* No. 21 CV 2485 (VB), 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (allowing the sealing of commercially sensitive business information); *Applied Rsch. Invs., LLC v. Lin*, No. 22-CV-7100 (VSB) (JW), 2026 WL 1223641, at *1 (S.D.N.Y. May 5, 2026) ("Given the confidential business information in the portions of the transcript Plaintiff seeks to redact, the countervailing privacy concerns outweigh the public's need for access"); *FuboTV Inc. v. Walt*

*Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy).

In this instance, the Motion Documents contain commercially sensitive, non-merits information. The public filing of these documents risks the unnecessary exposure of Defendants' CBI while offering little (if any) value to the general public in terms of understanding the Court's exercise of Article III authority in resolving the parties' collateral discovery dispute.

For example, as noted above, the documents Defendants seek to seal include technical information (that is incidental to the underlying discovery dispute) and highly sensitive business interactions, the specifics of which are not relevant to the public. (*See* Exhibits 1 and 22 from D.I. 344 which are marked "HIGHLY CONFIDENTIAL; ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL; OUTSIDE ATTORNEYS' EYES ONLY" under the Amended Protective Order in this case, D.I. 156.) Those documents contain sensitive information regarding, *inter alia*, Defendants' research, design, and product development. Exhibit 20 is an excerpt from the deposition of Andrew Grenville and covers confidential technical details of Inpria products and has also been designated under the Protective Order. The redactions applied to the Memorandum are intended to be no more extensive than absolutely necessary to preserve Inpria's confidential business information.

Accordingly, the balance of interests strongly supports Defendants' request for relief.

<u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request an order permitting the partial or entire sealing, as set out above, of Exhibits 1, 20, and 22, and the Memorandum of Law affiliated with the Motion to Compel (1) the Production of Improperly Withheld and Clawed Back Documents and (2) the continued deposition of Dr. Robert Brainard (*see generally* D.I. 344).

Respectfully submitted,

HANCOCK ESTABROOK, LLP

Mary L. D'Agostino, Esq.

cc: all counsel of record (*via* CM/ECF)