**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK,

Plaintiff,

1:24-cv-00120 (BKS/ML)

v.

INPRIA CORPORATION and JSR CORPORATION,

Defendants.

---

**Appearances:**

*For Plaintiff:*
Justin A. Nelson
Jonathan J. Ross
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002

Andrew R. Safranko
Lilly G. Killar
Lamarche Safranko Law PLLC
987 New Loudon Road
Cohoes, New York 12047

Justin A. Nelson
Jonathan J. Ross
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002

John Schiltz
Eleanor Runde
Benjamin Manne
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101

John Priddy
Susman Godfrey L.L.P.
One Manhattan West

New York, NY 10001

*For Defendants:*
Eric W. Dittmann
Isaac S. Ashkenazi
Young J. Park
Joshua M. Bennett
Sachiko Taniguchi
Scott Peachman
Carl Joseph Minniti III
Chinmay Bagwe
Andrew Knepler
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Naveen Modi
Phillip W. Citroen
Stephanie Adamakos
Cooper B. Lerner
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036

John G. Powers
Mary D'Agostino
James J. O'Shea
Hancock Estabrook, LLP
1800 AXA Tower I, 100 Madison Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Research Foundation for the State University of New York ("SUNY RF") brings this action against Defendants Inpria Corporation and JSR Corporation asserting claims for breach of contract, correction of inventorship under 35 U.S.C. § 256, and related claims arising out of Inpria and JSR's alleged use of SUNY RF's intellectual property. (Dkt. No. 86). Presently before the Court is SUNY RF's Emergency Motion to Stay the Continued Deposition of Dr. Robert Brainard, (Dkt. No. 405), pending the adjudication of SUNY RF's forthcoming Federal

Rule of Civil Procedure Rule 72 appeal of Magistrate Judge Miroslov Lovric's August 28, 2026 Text Order, (Dkt. No. 392). The Court has also reviewed Defendants' response in opposition. (Dkt. No. 411).

"A stay is an 'exercise of judicial discretion,' and the 'propriety of its issue is dependent upon the circumstances' presented to the court." *Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025) (quoting *Nken v. Holder*, 556 U.S 418, 433 (2009)). The four stay factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. (quoting *Nken*, 556 U.S. at 434). The first two factors are the "most critical." *Id*.

SUNY RF argues that it will be irreparably harmed by the continued deposition of Dr. Brainard because the deposition will force Dr. Brainard to disclose confidential privileged communications. (*See* Dkt. No. 405, Memorandum of Law, at 14).[1] Magistrate Judge Lovric's August 28, 2026 Order required Plaintiff to produce many additional documents. (*See* Dkt. No. 392). In their forthcoming appeal of that ruling, Plaintiffs intend to assert that many of the documents Magistrate Judge Lovric ordered them to produce are privileged. (Dkt. No. 405, Memorandum of Law, at 15 n.6). Defendants clearly intend to question Dr. Brainard about these documents. (*See* Dkt. No. 411, Memorandum of Law, at 11-14).

The Court finds that Plaintiffs have shown they will be irreparably injured absent a stay. *Id.* "If opposing counsel is allowed access to information arguably protected by the privilege before an adjudication as to whether the privilege applies, a pertinent aspect of confidentiality

[1] Documents filed under seal are not yet available on CM/ECF. Accordingly, the Court cites to the page numbers assigned by the parties to their briefing.

will be lost, even though communications later deemed to be privileged will be inadmissible at trial." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 165 (2d Cir. 1992). Here, Dr. Brainard's continued deposition will allow Defendants to explore previously undisclosed information on subject matters and documents Plaintiffs claim are privileged, prior to an adjudication of Plaintiffs' forthcoming appeal. The potentially privileged and previously undisclosed information expands far beyond the ten previously clawed-back documents.[2]

Further, the Court cannot ascertain the rationale behind Magistrate Judge Lovric's ruling at this time. Magistrate Judge Lovric stated at the August 28, 2026 hearing that he "agrees with" Defendants' "motions at 344, 354, 371, and 387," and that he "adopts the arguments set forth in those dockets." (Dkt. No. 399, at 225-26). However, Magistrate Judge Lovric did not explain which rationale he adopted. Defendants' filings at these docket numbers are voluminous, and Defendants presented several arguments in the alternative. (*See, e.g.,* Dkt. No. 399, at 202). The Court cannot review Magistrate Judge Lovric's decision without understanding his rationale. Accordingly, this matter is respectfully returned to Magistrate Judge Lovric. *See Yurman Design, Inc. v. Chaindom Enters.*, Inc., No. 99-cv-9307, 2000 WL 1871715, at *4, 2000 U.S. Dist. LEXIS 18329, at *11 (S.D.N.Y. Dec. 20, 2000) (remanding case to magistrate judge "for an explanation of the grounds for" his ruling).

Based on all of the circumstances here, the Court exercises its discretion and grants Plaintiffs' motion for a temporary stay of the continued deposition of Dr. Brainard. The Court will set a new schedule for briefing and recommend a new discovery schedule after Magistrate Judge Lovric articulates the basis for his decision.

[2] The Court recently denied Plaintiffs' emergency motion to stay the production of ten previously clawed back documents. (Dkt. No. 398). The Court noted that these documents had already been in Defendants' possession for nearly five months at the time Plaintiff clawed them back. (*See id.*).

For these reasons, it is hereby

**ORDERED** that Plaintiff's Emergency Motion to Stay the Continued Deposition of Dr. Brainard (Dkt. No. 405) is **GRANTED**; and it is further

**ORDERED** that this matter is **REMANDED** to Magistrate Judge Lovric for an explanation of the grounds of his August 28, 2026 Order, (Dkt. No. 392).

**IT IS SO ORDERED.**

Dated: September 9, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge